```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

JOSE SANTOS DE LA CRUZ-GARCIA,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:16-05733

CDR KELLY LUCAS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on November 15, 2016, in which he recommended that the district court grant defendants' motion to dismiss, or in the alternative, for summary judgment; dismiss plaintiff's complaint; and remove this matter from the court's active docket.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed objections to the PF&R.[1] The court has conducted a de novo review of plaintiff's complaint and his objections to the magistrate judge's PF&R.

On June 27, 2016, plaintiff, while an inmate at FCI McDowell filed the instant complaint seeking relief under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Plaintiff's complaint arises out of an injury to his right thumb and the medical care he received for that injury whle at FCI McDowell. In his PF&R, Magistrate Judge Aboulhosn recommended that plaintiff's Bivens and FTCA claims be dismissed for failure to exhaust administrative remedies.

With respect to his failure to exhaust, in his objections (ECF No. 26), plaintiff stated:

> The Petitioner has filed with Health Services, Case Manager, Unit Team and Dorm Counselor numerous Inmate Requests to Staff ("copouts") stating his concerns with his medical treatment. Also, his Administrative Remedy ("BP-8") was handled verbally, at F.C.I. McDowell and emails with McDowell's Warden- "BP-9" went to the Warden. Mr. Jose Santos De Le Cruz-Garcia will be making a showing that he made sure that all employees were aware that he was not pleased with the level of care that he was receiving from the medical staff at F.C.I. McDowell, and that Dr. Chris Vasilakis was made aware that the Petitioner felt that he needed a second opinion. With the above stated, the Plaintiff has exhausted all other remedies.

---

[1] On December 5, 2016, plaintiff moved to extend the time for filing objections. (ECF No. 25). That motion is **GRANTED** and his objections are deemed to be timely filed.

Plaintiff's Objections at p. 1 (ECF No. 26).  Notwithstanding plaintiff's allegations to the contrary, the foregoing does not establish that plaintiff has exhausted his administrative remedies.

Claims under <u>Bivens</u> and claims under the FTCA are separate and distinct causes of action.  Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights.  <u>Carlson v. Green</u>, 446 U.S. 14, 21-23 (1980).  By contrast, under <u>Bivens</u> inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities.  <u>Howard v. Federal Bureau of Prisons</u>, 198 F.3d 236, 1999 WL 798883, *1 (4th Cir. Oct. 7, 1999).  The Supreme Court held in <u>Carlson</u> that an inmate could pursue a <u>Bivens</u> action independent of a FTCA action.  <u>See</u> <u>id.</u> at 18-21. The Court found that Congress did not intend to pre-empt a <u>Bivens</u> remedy when it enacted the FTCA.  <u>See</u> <u>id.</u> at 19.  The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and <u>Bivens</u> as parallel, complementary causes of action."  <u>Id.</u> at 19-20.

Both <u>Bivens</u> and the FTCA require that a claim thereunder be exhausted prior to bringing suit.  However, the exhaustion

3

requirements under Bivens are different than the exhaustion requirements under the FTCA. Jiminez v. United States, No. 11 Civ. 4593(RJS), 2013 WL 1455267, *5 (S.D.N.Y. Mar. 25, 2013) ("[T]he exhaustion requirements under the FTCA are different from those required for a Bivens action."); Smith v. United States, No. 09-CV-314-GFVT, 2011 WL 4591971, *4 (E.D. Ky. Sept. 30, 2011) ("In other words, the FTCA and Bivens each have their own exhaustion procedures, and Smith has a duty to fully exhaust the administrative remedies required by the two different claims."); Fulwylie v. Waters, Civil Action No. 2:08cv76, 2009 WL 3063016, *5 (N.D.W. Va. Sept. 22, 2009) ("The exhaustion requirement for a Bivens claim is separate and distinct from the exhaustion requirements under the Federal Tort Claims Act. . . ."); Tolliver v. Edgefield Correctional Institution, No. 0:060903-PMD, 2006 WL 1391447, *4 (D.S.C. May 16, 2006) ("While Plaintiff's filings indicate he may have exhausted the BOP grievance procedure, which is a prerequisite to filing a Bivens action, exhaustion of administrative remedies for an action under the FTCA is vastly different."). "[E]xhaustion of a Bivens claim requires a prisoner to fully comply with all four stages of the internal prison grievance procedure. In contrast, to exhaust an FTCA claim, a prisoner must file an administrative claim directly with the BOP, and obtain a final ruling. No further appeals are

required." Bradley v. Meadows, No. 2:11CV00153 JMM/JTR, 2012 WL 1831459, *2 n.7 (E.D. Ark. May 18, 2012).

With respect to the exhaustion of plaintiff's Bivens claim against FCI McDowell, the record supports Magistrate Judge Aboulhosn's conclusion that such a claim was not properly exhausted. The United States submitted a declaration from Sharon Wahl, a Paralegal for the Consolidated Legal Center at FCI Beckley, who has access to the various BOP databases as well as the files of BOP inmates. See ECF No. 11-1. According to Ms. Wahl, as of August 15, 2016, plaintiff had not filed an administrative remedy regarding the medical care he received at FCI McDowell. See id. at ¶ 4.[2] Furthermore, the administrative remedies attached to plaintiff's opposition to defendants' motion concern the handling of his medical records at FCI Cumberland, not FCI McDowell. See ECF No. 15. Administrative remedies must be filed with the facility where the alleged injuries occurred and a transfer to another facility does not nullify this requirement. Jackson v. Studel, No. 3:10CV177-MU-02, 2010 WL 1689095, *2 (W.D.N.C. Apr. 26, 2010) (finding that plaintiff's failure to exhaust his administrative remedies is not "excused by his transfer to a different facility."); Moore v. Scotland County Jail, No. 1:05CV527, 2006 WL 2168940, * (M.D.N.C. June 28, 2006)

---

[2] According to Ms. Wahl, the only administrative remedy filed at FCI McDowell was regarding a disciplinary action on March 9, 2016. See id. at ¶ 5.

(transfer to a different facility did not excuse failure to exhaust administrative remedies at former facility against which complaint had been filed).

As to the exhaustion of plaintiff's FTCA claim, Ms. Wahl attests that plaintiff never filed an administrative tort claim with the BOP regarding his medical treatment at FCI McDowell. See id. at ¶ 7. Based on the foregoing, it is clear that plaintiff has not exhausted his claim under the FTCA and it is subject to dismissal. Furthermore, any attempt to rely on grievances filed through the BOP's administrative remedy program does not save his FTCA claim because, as noted above, they are not one and the same. See Brown v. United States, Civil Action No. 5:11CV63-DCB-RHW, 2012 WL 7655323, *2 (S.D. Miss. Dec. 19, 2012) ("Brown's grievances through the prison's administrative remedy program are not the functional equivalent of an administrative tort claim submitted on Standard Form 95."); Jiminez v. United States, No. 11 Civ. 4593(RJS), 2013 WL 1455267, *5 (S.D.N.Y. Mar. 25, 2013) ("Although Plaintiff had to file multiple forms – BP-8, BP-229, BP-230(13), BP-DIR-11 – in order to exhaust administrative remedies prior to filing a Bivens action, these exhaustion requirements did not apply to his FTCA claim."); Fiore v. Medina, 11-cv-2264 (RJS), 2012 WL 4767143, *7 n.5 (S.D.N.Y. Sept. 27, 2012) ("[S]uch forms do not establish exhaustion under the FTCA; rather they constitute BOP

Administrative Remedy Program forms used to exhaust remedies for Bivens claims, pursuant to the PLRA."); Marks v. United States, No. C06-5696RBL, 2007 WL 3087157, *3 (W.D. Wash. Oct. 19, 2007) (dismissing FTCA claim for failure to exhaust as "[t]he filing of a grievance at an institution is not the same as making an official tort claim demand, addressed to the proper agency").

Finally, plaintiff's contention that his complaints to various BOP personnel regarding his medical care were sufficient to satisfy the administrative exhaustion requirement is without merit. "Litigants must strictly comply with the requirements of the FTCA before this Court obtains jurisdiction to consider such claim." Brown v. United States, Civil Action No. 5:11CV63-DCB-RHW, 2012 WL 7655323, *1 (S.D. Miss. Dec. 19, 2012); see also Robinson v. United States, Civil Action No. 3:13-CV-1106, 2014 WL 2940454, *5 (M.D. Penn. June 30, 2014) ("Therefore, prior to commencing an FTCA action a plaintiff must comply with the procedural prerequisites set forth by the FTCA. Such procedural compliance is the price plaintiff must pay to take advantage of the limited waiver of sovereign immunity granted by the FTCA."). Likewise, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also Ruggiero v. County of Orange, 467 F.3d 170, 177–78 (2d Cir. 2006) (rejecting prisoner's argument that statement to investigators satisfied administrative exhaustion requirement). In order to properly exhaust his

claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way." Woodford 548 U.S. at 90-91.

For all these reasons, plaintiff's objections regarding exhaustion are **OVERRULED**. As this issue is dispositive, the court does not reach plaintiff's other objections.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **GRANTS** defendants' motion to dismiss or, in the alternative, for summary judgment; **DISMISSES** plaintiff's complaint; and **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 10th day of March, 2017.

ENTER:

David A. Faber
Senior United States District Judge